UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION INDUSTRY HEALTH AND SECURITY FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MOUNTAIN PACIFIC RAIL, INC., a Washington corporation,<br><br>Defendant. | CASE NO. C06-295RSM<br><br>ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |

This matter is before the Court for consideration of plaintiffs' motion to dismiss. The Court has reviewed the motion, response and supplemental response, and the attached declarations. For the reasons set forth below, the motion shall be granted.

DISCUSSION

Plaintiffs, representing union trust funds established to provide medical, retirement, and training benefits for eligible participants, filed this action to collect contributions due from an employer under a collective bargaining agreement for the period from December 2005 through March 2006. Shortly after filing suit, plaintiffs moved for summary judgment on the amount due. Dkt. # 8. Plaintiffs properly supported their motion with copies of the relevant trust agreements and collective bargaining agreement, audit sheets, and other documents to demonstrate their entitlement to the amount claimed. Dkt. # 10.

ORDER ON MOTION FOR SUMMARY
JUDGMENT - 1

Defendant, in response, argued for a period of discovery so that it could determine the accuracy of plaintiffs' calculations, as well as investigate possible affirmative defenses such as invalidity of the trust agreements. Over plaintiffs' objection, the summary judgment motion was continued to September 22, 2006, so that defendant could conduct discovery. Dkt. # 20.

Defendant's supplemental response was due September 18, 2006, but was not timely filed. Plaintiffs filed a reply, asserting that defendant had conducted no discovery during the intervening period, and now failed to present any new evidence or argument as to why summary judgment should not be granted. On September 22, 2006, defendant filed an untimely response to the motion. Dkt. # 24. In the interest of fairness to defendant, the Court has considered this response, but finds nothing therein to preclude summary judgment.

Summary judgment is proper only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." F.R.Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial by "identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, it any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotrex v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies this burden, the opponent must set forth specific facts showing that there remains a genuine issue for trial. F.R.Civ. P. 56(e).

Despite conclusory assertions that factual issues remain, defendant has presented nothing to demonstrate a triable issue of fact. As noted by plaintiffs, the calculations of amounts owed are based upon defendants' own remittance reports. Plaintiffs claim the total unpaid principal is $46,179.97. Defendant asserts that it has "reached a different calculation of moneys owed" based on the remittance reports. Declaration of Ken Lederman, Dkt. # 15, ¶ 9. However, plaintiff has presented evidence demonstrating that the only difference is $146.60, due to an entry that was omitted from defendant's remittance sheet for March 2006. Plaintiffs' Reply, Dkt. # 16, p. 5. Although defendant was given a subsequent opportunity to dispute this calculation, it has not done so. Indeed, it appears that defendant's

ORDER ON MOTION FOR SUMMARY
JUDGMENT - 2

real opposition to summary judgment is based on its inability to pay the judgment until defendant receives payment for the work it has performed for other contractors.  This argument provides no basis for denying plaintiffs the judgment to which they are entitled.

     Accordingly, plaintiffs' motion for summary judgment is GRANTED.  Judgment shall be entered in favor of plaintiffs in the amount of $46,179.97 for unpaid contributions for benefits and dues; $5234.54 in liquidated damages; $854.78 in interest (to May 9, 2006); additional accrued interest; and attorneys' fees and costs in the amount of $4853.05.

     DATED this 8th day of November 2006.

RICARDO S. MARTINEZ  
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION FOR SUMMARY
JUDGMENT - 3